■ KEVIN HERMAN, Respondent, v LANCASTER HOMES, INC., Doing Business as RYAN HOMES, Defendant and Third-Party Plaintiff-Appellant. LOUIS DON VITO, Individually and Doing Business as DON VITO CONSTRUCTION COMPANY, Third-Party Defendant-Appellant.—Order unanimously reversed on the law without costs and motion granted, in accordance with the following memorandum: Plaintiff was injured while employed as a house framer by Don Vito Construction Company, the carpentry subcontractor at a residential construction site. He commenced this action against defendant Lancaster Homes, Inc., the owner and general contractor, which impleaded plaintiff's employer. The action seeks to recover for personal injuries sustained by plaintiff when a nail he was driving ricocheted and penetrated his eye. The complaint alleges defendant's negligence, violation of Labor Law §§ 200, 240 and 241 and regulations promulgated thereunder, and breach of OSHA regulations. Defendant and third-party defendant moved for summary judgment dismissing the complaint, and the court denied the motions. We now reverse.

Stripped of its broad allegations concerning unspecified defects and hazards at the work site, the gist of plaintiff's claim is that defendant failed to provide proper eye protection to plaintiff and delayed his treatment by refusing to allow him to leave the jobsite to seek medical attention following the accident. Upon our review of the undisputed facts, we discern no breach of common-law, statutory or regulatory duty by defendant which would warrant imposition of liability against it for this freak accident (see, Amedure v Standard Furniture Co., 125 AD2d 170). The Labor Law statutes and regulations relied upon by plaintiff do not require that defendant provide a carpenter with protective eye wear to safeguard him against the hazard of a ricocheting nail (see, Labor Law §§ 200, 240 [1]; § 241 [6]; 12 NYCRR 19.4, 23-1.8 [a]). In particular, we note that hammering is not one of the activities listed in those regulations (12 NYCRR 19.4, 23-1.8). Similarly, the OSHA regulations relied on by plaintiff (29 CFR 1910.132-1910.133, 1926.102) cannot be read as requiring that carpenters wear protective eye gear. In any event, the responsibility to see that those regulations are carried out lies with employers, and defendant is not plaintiff's employer (see, 29 CFR 1910.2 [c], [d]; 1910.5, 1910.12, 1910.133).

Finally, we conclude that plaintiff does not have a cause of action in negligence based on his allegation that defendant refused to permit plaintiff to leave the jobsite to seek prompt medical attention. In contrast to the majority of jurisdictions

that have considered the issue *(see,* Annotation, 64 ALR2d 1108), New York does not recognize a duty on the part of an employer to provide or procure emergency medical treatment for an employee who is injured or becomes ill on the job *(see, Voorhees v New York Cent. & Hudson Riv. R. R. Co.,* 129 App Div 780, 783, *affd* 198 NY 558; *see generally,* 52 NY Jur 2d, Employment Relations, § 218). Even if the claim were cognizable in this State, plaintiff has not shown that the injury resulted in his being rendered physically helpless to procure medical assistance for himself. In fact, it appears that plaintiff left the work site under his own power after obtaining permission. In any event, defendant is not plaintiff's employer and thus would have no duty to provide medical assistance. (Appeal from order of Supreme Court, Onondaga County, Hurlbutt, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.