■ CARLO CAPPIELLO et al., Appellants, v TELEHOUSE INTERNATIONAL CORPORATION OF AMERICA, INC., et al., Respondents. (And a Third-Party Action.) [597 NYS2d 393] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered July 28, 1992, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, to the extent of reinstating plaintiffs' third cause of action and so much of their second cause of action as asserts liability under Labor Law § 241, and the order is otherwise affirmed, without costs. The appeal from the order of the same court and Judge, entered October 16, 1992, denying plaintiffs' motion for reargument, is dismissed, that order being nonappealable.

On May 14, 1988, plaintiff Carlo Cappiello was employed by

third-party defendant New Superior Construction, a subcontractor at a large building project site under construction on Staten Island. A carpenter by trade, Cappiello's assigned duty that day called for him to build a plywood form around the base of an already hardened concrete structural column so that more fresh concrete could be poured in to strengthen it. While he was engaged in driving a masonry nail through the plywood and into the concrete, the nail suddenly flew back and hit him in the left eye. As a result, Cappiello suffered permanent loss of vision in that eye.

At the time of the accident defendant Telehouse was the owner of the site and defendant Kajima was the general contractor of the job. Plaintiffs brought this action against these defendants to recover damages for the injury based on negligence and under the Labor Law based on allegations that defendants failed in their duty to provide protective safety goggles.

Supreme Court erred in granting defendants' application for summary dismissal. At the very least, in our view, a viable cause of action raising triable issues was presented under Labor Law § 241 (6), and more particularly pursuant to the regulation promulgated by the Industrial Board of Appeals (12 NYCRR 23-1.8 [a]), which provides: *"Eye protection.* Approved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons while employed in welding, burning or cutting operations or in chipping, cutting or grinding any material from which particles may fly, or *while engaged in any other operation which may endanger the eyes."* (Emphasis added.)

Also germane is 12 NYCRR 19.4 (a), which in relevant part provides: "Employees engaged in operations or work which directly endanger the eyes, and other employees required to work in proximity to such operations or work, shall be provided with goggles except in those cases where the danger is effectively removed by the interposition of suitable screens or shields."

The IAS Court considered itself bound to direct dismissal by the then recent Fourth Department holding in *Herman v Lancaster Homes* (145 AD2d 926, *lv denied* 74 NY2d 601) that because carpenters are not specifically mentioned in the cited regulations, there is no duty to furnish them with protective goggles. While we could factually distinguish *Herman* from the case before us (here the carpenter was joining wood to concrete and not wood to wood), we would in any event decline to adopt that Court's extremely narrow interpretation

of the safety requirement which gives virtually no weight to the broad reference, in 12 NYCRR 23-1.8 (a), to employees "engaged in any other operation which may endanger the eyes."

Both the *Herman* decision and the IAS Court cited the Third Department case of *Amedure v Standard Furniture Co.* (125 AD2d 170, *appeal withdrawn* 70 NY2d 708), which dismissed a claim based on an injury from a ricocheting nail in a wood-to-wood joining, despite Justice Harvey's acknowledgement that the plaintiff in *Amedure,* a carpenter with 25 years of experience, had testified that "a ricocheting nail was not an uncommon occurrence" (125 AD2d, *supra,* at 173). Obviously, what is "not uncommon" can become, depending on the circumstances, clearly foreseeable.

Thus the foreseeability of this unfortunate incident (i.e., whether Cappiello's activity presented an apparent eye hazard) presents a triable issue of fact. In reaching that conclusion, we follow and apply the reasoning contained in a later decision of the Third Department, *Rapp v Zandri Constr. Corp.* (165 AD2d 639, 643), which completely abandoned the analysis of *Amedure,* albeit *sub silentio,* and affirmed the potential liability of a general contractor for failure to furnish goggles to a carpenter's helper. There, a fellow worker, engaging in horseplay, fired a pneumatic staple gun at the carpenter's feet, and one of the staples ricocheted and struck the carpenter in the eye. (The record contained proof that the general contractor had knowledge of prior episodes of similar horseplay.)

While we find that defendants' motion for summary judgment should have been denied with respect to plaintiffs' claim under Labor Law § 241, we affirm insofar as plaintiffs seek alternatively to predicate liability on Labor Law § 240, which is limited to the provision of scaffolding, and section 200, which codifies the common law duty of owners and contractors to provide a safe place to work *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299). The obligation under section 200 of those in defendants' position to provide a safe work place does not ordinarily extend to negligent acts occurring as a detail of a subcontractor's work or arising out of a defect in the subcontractor's own plant, tools and methods *(see, Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145-147).

Inasmuch as we are reinstating the statutory claim under Labor Law § 241, the derivative claim for loss of consortium should also be reinstated *(Spose v Ragu Foods,* 124 AD2d 980,

981; *see also, Wright v State of New York,* 110 AD2d 1060, 1061, *affd* 66 NY2d 452, 462). Concur—Carro, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.