# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1144**
**CA 15-00464**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

MARCUS QUIROS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FIVE STAR IMPROVEMENTS, INC., DEFENDANT-APPELLANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW LENAHAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FARACI LANGE, LLP, ROCHESTER (MATTHEW F. BELANGER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered December 23, 2014. The judgment and order granted the motion of plaintiff for partial summary judgment and denied the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the judgment and order so appealed from is unanimously modified on the law by denying plaintiff's motion, and as modified the judgment and order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action to recover damages for injuries he sustained while using a nail gun to install a new roof at a residential home. With respect to his Labor Law § 241 (6) cause of action, plaintiff alleged that, while using the nail gun, he was not provided with adequate eye protection pursuant to 12 NYCRR 23-1.8 (a). Plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 241 (6), and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendant's cross motion. We conclude that the court erred in granting plaintiff's motion, and we therefore modify the judgment and order accordingly.

We reject defendant's contention that it was entitled to summary judgment pursuant to this Court's holding in *Herman v Lancaster Homes* (145 AD2d 926, 926, *lv denied* 74 NY2d 601). Unlike the circumstances in *Herman*, plaintiff herein was not manually hammering nails but, rather, was operating a pneumatic nail gun when a nail ricocheted and penetrated his right eye. In our view, "the dangers a nail gun present[s] to the eyes are more apparent tha[n] the dangers of manual hammering" (*Pina v Dora Homes, Inc*., 2013 WL 359386, at *4 [ED NY, Jan. 29, 2013, No. 09-CV-1626 [FB] [JMA]) and the plaintiff's use of the nail gun clearly falls within the regulatory definition of

engaging "in any other operation which may endanger the eyes" (12 NYCRR 23-1.8 [a]).  Contrary to defendant's further contention, based upon the record before us, we conclude that plaintiff established as a matter of law that the regulation applies, and that defendant failed to raise a triable issue of fact on that point (*cf. Guryev v Tomchinsky*, 87 AD3d 612, 613, *affd* 20 NY3d 194).

We agree with defendant, however, that the court erred in granting plaintiff's motion inasmuch as defendant raised triable issues of fact whether it had violated 12 NYCRR 23-1.8 (a) and whether plaintiff was comparatively negligent (*see Puckett v County of Erie*, 262 AD2d 964, 965; *McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079).  Specifically, there is a triable issue of fact whether defendant provided eye protection, or made such available, to plaintiff on the day of the accident and, if so, whether plaintiff was comparatively negligent in refusing to use the eye protection.  Summary judgment to plaintiff is therefore inappropriate (*see Montenegro v P12, LLC*, 130 AD3d 695, 697).  We note, in any event, that "[e]ven assuming, arguendo, that plaintiff[] established that defendant violated [12 NYCRR 23-1.8 (a)], any such violation 'does not establish negligence as a matter of law but is merely some evidence to be considered on the question of a defendant's negligence' " (*Fazekas v Time Warner Cable, Inc*., 132 AD3d 1401, 1404).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court