Sheley v Kingsfort Bldrs., Inc. (2022 NY Slip Op 04464)

Sheley v Kingsfort Bldrs., Inc.

2022 NY Slip Op 04464

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

384 CA 21-00927

[*1]NATHAN A. SHELEY, PLAINTIFF-RESPONDENT,
v
KINGSFORT BUILDERS, INC., DEFENDANT-APPELLANT. 

GOLDBERG SEGALLA LLP, BUFFALO (AARON M. SCHIFFRIK OF COUNSEL), FOR DEFENDANT-APPELLANT.
KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered June 15, 2021. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained while using a nail gun to perform framing work on a residential construction project, alleging, as relevant here, that defendant, the general contractor on the work site, violated Labor Law § 241 (6) by failing to provide him with adequate eye protection equipment as required by 12 NYCRR 23-1.8 (a). Defendant moved for summary judgment dismissing the complaint and now appeals from an order that, inter alia, denied that part of its motion with respect to the Labor Law § 241 (6) cause of action. We affirm.
Defendant contends that it did not violate 12 NYCRR 23-1.8 (a) and that Supreme Court thus erred in denying the motion insofar as it sought summary judgment dismissing the Labor Law § 241 (6) cause of action. Specifically, defendant argues that, as a matter of law, it satisfied its duty under 12 NYCRR 23-1.8 (a) and that plaintiff's failure to wear available safety glasses constituted the sole proximate cause of the accident. As relevant on appeal, 12 NYCRR 23-1.8 (a) provides that "[a]pproved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons . . . while engaged in any . . . operation which may endanger the eyes." We have previously held—and the parties do not dispute on appeal—that "use of [a] nail gun clearly falls within" that sufficiently specific provision of the Industrial Code (Quiros v Five Star Improvements, Inc., 134 AD3d 1493, 1494 [4th Dept 2015]; see also Langer v MTA Capital Constr. Co., 184 AD3d 401, 402 [1st Dept 2020]; Willis v Plaza Constr. Corp., 151 AD3d 568, 568 [1st Dept 2017]).
We conclude that the court properly denied defendant's motion because defendant did not meet its initial burden of establishing as a matter of law that it did not violate 12 NYCRR 23-1.8 (a) (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Quiros, 134 AD3d at 1494-1495; Baker v City of Buffalo, 90 AD3d 1684, 1685-1686 [4th Dept 2011]). Although there is no dispute that safety glasses were present on the work site on the date of the accident, the deposition testimony submitted by defendant in support of its own motion raised questions of fact whether defendant complied with its obligation under 12 NYCRR 23-1.8 (a) to ensure not only that "[a]pproved eye protection equipment . . . be provided for" workers engaged in operations that may endanger their eyes, but also that the equipment actually "be used by all [such] persons" (12 NYCRR 23-1.8 [a] [emphasis added]; see generally Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). Although it is undisputed that defendant provided plaintiff with safety [*2]glasses on another work site at which defendant acted as the general contractor and at which plaintiff used a nail gun while he performed framing work, plaintiff testified that he was never told to keep the safety glasses for use on other projects or that the glasses belonged to him. Indeed, defendant failed to submit evidence establishing that it specifically instructed plaintiff to use safety glasses on the work site at which the accident occurred.
Instead, defendant argues that it fulfilled its duty to comply with 12 NYCRR 23-1.8 (a) in that regard by providing safety glasses for plaintiff when he worked on the prior work site and instructing plaintiff at that earlier time to use the safety glasses. Although a lapse of time does not automatically relieve a worker of the duty to follow specific instructions (see generally Radeljic v Certified of N.Y., Inc., 161 AD3d 588, 589 [1st Dept 2018]; Baun v Project Orange Assoc., L.P., 26 AD3d 831, 835 [4th Dept 2006]), we conclude that there is an issue of fact whether defendant's instruction on the prior work site applied to the work site at which the accident occurred. For instance, although defendant's principal testified that he directed workers to wear safety equipment on all projects, he also stated that this was merely an "expectation"—i.e., that once he told workers what to do, they would understand that they should apply his directive to all future projects. Additionally, other deposition testimony submitted by defendant corroborated plaintiff's testimony that there was nothing in defendant's instructions on the prior work site "implying" that those instructions—including the use of safety glasses—would apply on future jobs.
Because defendant failed to meet its initial burden on the motion, the burden never shifted to plaintiff, and therefore denial of the motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In light of our determination, we need not consider defendant's remaining contention.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court