■ KEVIN BACH et al., Respondents, v EMERY AIR FREIGHT CORP., Defendant and Third-Party Plaintiff-Appellant, and M. PARISI & SONS CONSTRUCTION CO., INC., Respondent, et al., Defendant. CARUSO & SON CONSTRUCTION CO., Third-Party Defendant-Respondent. (And a Second Third-Party Title.)—In a negligence action to recover damages for personal injuries, etc., the defendant and first third-party plaintiff Emery Air Freight Corp. (hereinafter Emery) appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 18, 1986, as denied its cross motion for summary judgment dismissing the complaint and the cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, Emery's cross motion for summary judgment is granted, and the complaint and cross claims, insofar as they are asserted against Emery, are dismissed.

The plaintiff Kevin Bach was allegedly injured when he fell from a ladder at a construction site. Uncontroverted documentary evidence indicates that the property on which the accident occurred was leased for a 60-year term first by the City of New York to the New York City Public Development Corporation, which then leased the property to the defendant M. Parisi & Sons Construction Co. (hereinafter Parisi) for purposes of constructing a building to house a light industrial facility to supply aviation services within the city "in order to promote and increase employment opportunities within the [city]". As landlord, Parisi then leased the property to Emery

for a 20-year term to commence following substantial completion of the planned building and issuance of a temporary certificate of occupancy. The proposed construction plans for the planned building, approved by Emery, were annexed to the lease, and Parisi was to apply for a building permit following the execution of the lease. Construction as agreed upon thereafter began, and Parisi arranged for the necessary subcontractors, among whom was the first third-party defendant-respondent Caruso & Son Construction Co. (hereinafter Caruso), hired to perform the necessary electrical work. On June 25, 1980, the plaintiff, an employee of Caruso, was allegedly injured in the course of his employment due to his fall from a ladder.

The plaintiffs assert that Emery must be held liable as an owner, a contractor, or an agent of such, pursuant to Labor Law §§ 240 and 241; at the least, the plaintiffs contend, a factual question exists as to whether Emery falls within this category, precluding summary judgment. Thus, the issue now before us is whether Emery may be deemed an owner or contractor as those terms are defined for purposes of Labor Law §§ 200, 240 and 241.

The term "owner", for purposes of the applicable sections of the Labor Law, "has not been limited to the titleholder * * * [but] has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (Copertino v Ward, 100 AD2d 565, 566). However, Emery did not contract to have the work performed; rather, it simply agreed to lease the facility as soon as it was built in accordance with agreed-upon plans. Moreover, an owner is "the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed" (Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 114). The submitted documents disclose that Emery had no such right. As long as Parisi performed the construction work as agreed upon, pursuant to the lease agreement, Emery had no right to do anything but observe. Those rights that Emery retained pursuant to the lease agreement, such as the right to have a representative on the construction site, provide no support for the assertion that, as a factual matter, it may be found to have functioned as an owner or contractor. In this case, it may be concluded as a matter of law that Emery was neither an owner, contractor, nor agent.

It was similarly established by uncontroverted evidence that the temporary certificate of occupancy was issued subsequent

to the date of the accident. Because the lease provided that its term would only begin following the issuance of the certificate of occupancy, it may be concluded as a matter of law that Emery was not yet the tenant of the subject building at the time of the accident. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.