■ ROBERT J. WENDEL et al., Respondents, v PILLSBURY CORP., Doing Business as BURGER KING CORP., Appellant. [612 NYS2d 678] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated October 14, 1992, as denied its motion for partial summary judgment dismissing the plaintiffs' causes of action brought pursuant to Labor Law §§ 200 and 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for partial summary judgment is granted, and the causes of action in the

complaint based on Labor Law §§ 200 and 241 (6) are dismissed.

On May 21, 1984, the plaintiff Robert J. Wendel was allegedly injured as he was attempting to unload a freezer at the construction site of a new Burger King franchise restaurant. He and his wife Beverly Wendel thereafter brought this action against the defendant Pillsbury Corp., d/b/a Burger King Corp. (hereinafter Burger King), alleging violations of the Labor Law and common-law negligence. The record established that Burger King had entered into a preliminary franchise agreement with the property owners, allowing the owners to construct and operate a franchised restaurant on the owners' premises. The preliminary agreement provided that the restaurant would be built according to the plans and specifications provided by Burger King. In addition, the proposed franchisee agreed to select its contractors and suppliers from a list approved by Burger King. The proposed franchisee selected third-party defendant G.I.I. Construction Co., Inc. (hereinafter G.I.I.) from the approved list and entered into a contract with G.I.I. to act as general contractor for the construction of the restaurant.

The Supreme Court denied Burger King's motion for summary judgment, finding that questions of fact exist as to whether it could be held liable as an owner, a contractor, or an agent of either pursuant to Labor Law §§ 200 and 241 (6). We disagree.

The term "owner" under the applicable provisions of the Labor Law has not been limited to titleholders and has been held to encompass a party "who has an interest in the property and who fulfilled the role of owner by contracting to have the work performed for his benefit" *(Copertino v Ward,* 100 AD2d 565, 566; *Bach v Emery Air Frgt. Corp.,* 128 AD2d 490, 491; *Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103). It is, however, uncontroverted on this record that Burger King had no proprietary interest in the subject premises, and that it was the proposed franchisee, not Burger King, who had entered into the contract with G.I.I. It has repeatedly been emphasized that an "owner" is "the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed" *(Bach v Emery Air Frgt. Corp., supra,* at 491, quoting *Sweeting v Board of Coop. Educ. Servs., supra,* at 114). The plaintiffs concede that Burger King had no such right. While Burger King reserved the right pursuant to its franchise agreement to approve plans, submit an approved list of vendors, and supervise the

work in progress, it did not retain control over the work itself or the manner in which it was performed. "Neither retention of inspection privileges nor a general power to supervise alone constitute control sufficient to impose liability" *(Shaheen v International Bus. Machs. Corp.,* 157 AD2d 429, 434). As long as the proposed franchisee's contractors performed the construction work as agreed upon, Burger King had no right to do anything but observe *(see, Bach v Emery Air Frgt. Corp., supra,* at 491). Even if the contractors failed to perform the work according to Burger King's specifications, Burger King had no authority to fire, and would be relegated to discontinuing the franchise relationship as its only remedy.

In sum, the rights retained by Burger King pursuant to its franchise agreement, including the right to have supervisors on the construction site, do not support plaintiffs' assertion that it functioned as an owner or contractor or agent of an owner or contractor. Burger King was never hired as a general contractor, nor was there any evidence that Burger King performed any of the duties of a general contractor *(see, Seeber v City of Oswego,* 148 Misc 2d 366, *affd* 176 AD2d 1194). Moreover, Burger King had no authority to direct or control the work, and could not be held to be an agent of either the owners or general contractor *(cf., Russin v Picciano & Son,* 54 NY2d 311).

Thus, on this record, it may be concluded as a matter of law that Burger King was neither an owner, contractor, nor agent of either.

Accordingly, the defendant's motion for summary judgment should have been granted. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.