DIMAS PEDRAS et al., Appellants, v AUTHENTIC RENAIS-
SANCE MODELING AND CONTRACTING, INC., Respondent. [793 NYS2d
56]—

In an action to recover damages for personal injuries, etc., the
plaintiffs appeal from (1) an order of the Supreme Court, Suf-
folk County (Loughlin, J.), dated September 30, 2003, which
denied their motion pursuant to CPLR 4404 (a) to set aside a
jury verdict in favor of the defendant and against them, and (2)
a judgment of the same court entered December 9, 2003, which,
upon the jury verdict, is in favor of the defendant and against
them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is
further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order dated September 30,
2003, must be dismissed because the right of direct appeal there-
from terminated with the entry of judgment in the action (*see*
*Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the
appeal from the order are brought up for review and have been
considered on the appeal from the judgment (*see* CPLR 5501 [a]
[1]).

For a court to conclude that a jury verdict is unsupported "by
sufficient evidence as a matter of law, there must be 'no valid
line of reasoning and permissible inferences which could pos-
sibly lead rational [people] to the conclusion reached by the jury
on the basis of the evidence presented at trial' " (*Nicastro v
Park,* 113 AD2d 129, 132 [1985], quoting *Cohen v Hallmark
Cards,* 45 NY2d 493, 499 [1978]). Moreover, a jury verdict will
not be set aside as against the weight of the evidence unless it
could not have been reached on any fair interpretation of the
evidence (*see Nicastro v Park, supra* at 134; *Kiley v Almar, Inc.,*
1 AD3d 570 [2003]).

Applying these principles, the Supreme Court properly denied
the plaintiffs' motion to set aside the jury verdict. The evidence
presented an issue of fact as to whether, at the time of his ac-
cident, the plaintiff Dimas Pedras was engaged in work that
"may endanger the eyes" so as to require the use of eye protec-

tion pursuant to 12 NYCRR 23-1.8 (a) (*see Fresco v 157 E. 72nd St. Condominium*, 2 AD3d 326, 328 [2003]; *Cappiello v Telehouse Intl. Corp. of Am.*, 193 AD2d 478, 480 [1993]). The jury's verdict that no violation of Labor Law § 241 (6) had occurred reflects a finding that the plaintiff Dimas Pedras had not been engaged in such work, and that finding can fairly and reasonably be inferred from the evidence. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.