■ Scott Hendrickson et al., Appellants, v Dynamic Medical Imaging, P.C., et al., Respondents. [913 NYS2d 666]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a

judgment of the Supreme Court, Queens County (Nelson, J.), entered March 9, 2009, as, upon a jury verdict finding that the defendant Mitchell Machinery Moving, Inc., doing business as Sterling Transportation, Inc., did not violate Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv), and was not negligent in the happening of the accident, and, inter alia, upon an order of the same court dated September 15, 2008, denying the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against them dismissing the Labor Law § 241 (6) cause of action predicated upon a violation of Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Scott Hendrickson, an employee of Fonar Corporation, allegedly was injured while in the process of installing a magnetic resonance imaging machine. At the time of the accident, an employee of the defendant Mitchell Machinery Moving, Inc., doing business as Sterling Transportation, Inc. (hereinafter Mitchell), was using a forklift to flip over a 10,000-pound steel plate to maneuver it into position for installation. The accident occurred when one of two straps attached to the steel plate snapped as it was being raised by the forklift, causing the steel plate to drop onto the injured plaintiff's foot. Following a trial, the jury returned a verdict finding, inter alia, that Mitchell did not violate Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv), which provides that a load must be well secured and properly balanced before being lifted more than a few inches in a sling or other lifting device. The Supreme Court denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. We affirm.

For a reviewing court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that there is "no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Gonyon v MB Tel.*, 36 AD3d 592, 592-593 [2007]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evi-

dence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Salony v Mastellone*, 72 AD3d 1060 [2010]; *Ahr v Karolewski*, 48 AD3d 719 [2008]).

Applying these principles here, we find that the Supreme Court properly denied those branches of the plaintiffs' motion which were for judgment as a matter of law or for a new trial on the issue of liability on their cause of action pursuant to Labor Law § 241 (6). There was a valid line of reasoning and permissible inference by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (*see Pedras v Authentic Renaissance Modeling & Contr., Inc.*, 16 AD3d 567, 567-568 [2005]), and a fair interpretation of the evidence supported the jury's determination that Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv) was not violated (*see Vittorio v U-Haul Co.*, 77 AD3d 917, [2010]; *Pedras v Authentic Renaissance Modeling & Contr., Inc.*, 16 AD3d at 568).

The plaintiffs' contention regarding the jury charge has not been considered because it is improperly raised for the first time in their reply brief (*see Dune Deck Owners Corp. v JJ & P Assoc. Corp.*, 71 AD3d 1075, 1077 [2010]). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.