■ ALEKSEY GURYEV, Respondent-Appellant, v GREGORY TOM-CHINSKY et al., Respondents, and 200 RIVERSIDE BOULEVARD AT TRUMP PLACE et al., Appellants-Respondents. [928 NYS2d 574]—

The defendants Gregory Tomchinsky and Marina Tomchinsky (hereinafter together the Tomchinskys) are the owners and residents of unit 34-C in the defendant 200 Riverside Boulevard at Trump Place Condominium, located at 200 Riverside

Boulevard in Manhattan (hereinafter the Condominium). The Condominium is managed by the defendant Board of Managers of 200 Riverside Boulevard at Trump Place (hereinafter the Board). The defendant Trump Corporation is the Condominium's managing agent. In 2007 the Tomchinskys hired a contractor, the defendant YZ Remodeling, Inc. (hereinafter YZ Remodeling), to renovate their condominium unit. To gain the approval of the Board to commence the alterations, Mr. Tomchinsky executed an "Alteration Agreement" with the Board which governed the renovation work.

On October 26, 2007, the plaintiff, an employee of YZ Remodeling, allegedly was injured while using a nail gun to install base moldings in unit 34-C when a nail ricocheted and struck his eye. Thereafter, he commenced this action against the Condominium, the Board, and Trump Corporation (hereinafter collectively the Condominium defendants), as well as the Tomchinskys and YZ Remodeling, asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241 (6). After YZ Remodeling moved for summary judgment dismissing the complaint insofar as asserted against it, the plaintiff cross-moved for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 241 (6), and the Condominium defendants separately cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.

The Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6). The plaintiff based this cause of action on Industrial Code (12 NYCRR) § 23-1.8 (a), which requires the furnishing of eye protection equipment to employees who, inter alia, are "engaged in any . . . operation which may endanger the eyes." The plaintiff's submissions failed to eliminate a triable issue of fact as to whether, at the time of his accident, he was engaged in work that "may endanger the eyes" so as to require the use of eye protection pursuant to Industrial Code (12 NYCRR) § 23-1.8 (a) (see Pedras v Authentic Renaissance Modeling & Contr., Inc., 16 AD3d 567 [2005]; Fresco v 157 E. 72nd St. Condominium, 2 AD3d 326 [2003]; Cappiello v Telehouse Intl. Corp. of Am., 193 AD2d 478, 479-480 [1993]; Rapp v Zandri Constr. Corp., 165 AD2d 639, 643 [1991]). The plaintiff's failure to make a prima facie showing of entitlement to judgment as a matter of law required the denial of his cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Elzer v Nassau County, 111 AD2d 212, 213 [1985]).

Moreover, the Condominium defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that no triable issue of fact exists as to their liability under Labor Law §§ 200 and 241, or based upon common-law negligence. The Condominium defendants were not entities which "ha[d] an interest in the property and who fulfilled the role of owner by contracting to have work performed for [their] benefit" (*Mangiameli v Galante*, 171 AD2d 162, 163 [1991] [internal quotation marks omitted]; *see Wendel v Pillsbury Corp.*, 205 AD2d 527 [1994]; *Copertino v Ward*, 100 AD2d 565, 566 [1984]). "[The owner] is the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed" (*Sweeting v Board of Coop. Educ. Servs.*, 83 AD2d 103, 114 [1981]). "The key criterion is 'the right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control' " (*Nowak v Smith & Mahoney*, 110 AD2d 288, 290 [1985], quoting *Copertino v Ward*, 100 AD2d at 567). The Condominium defendants did not determine which contractors to hire, and were not in a position to control the renovation work or to insist that proper safety practices were followed. None of the opposing parties raised a triable issue of fact as to whether the Condominium defendants were owners or agents of the owner on the project, or controlled or supervised the work. Accordingly, the Supreme Court erred in denying the Condominium defendants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.

---

Motion by the appellants-respondents to strike stated portions of the respondent-appellant's reply brief on an appeal and cross appeal from an order of the Supreme Court, Kings County, dated April 14, 2010, on the ground that they refer to matter dehors the record or, in the alternative, to enlarge the record to include the transcript of the deposition of Yaakov Ziring. By decision and order on motion of this Court dated June 13, 2011, the motion was held in abeyance and referred to the Justices hearing the appeal and cross appeal for determination upon the argument or submission of the appeal and cross appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the branch of the motion which is to enlarge the record on appeal to include the transcript of the deposition of Yaakov Ziring is denied; and it is further,

Ordered that the branch of the motion which is to strike stated portions of the respondent-appellant's reply brief referring to the transcript of the deposition of Yaakov Ziring is granted, and those portions of the respondent-appellant's reply brief which refer to that material have not been considered in the determination of the appeal and cross appeal. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.