■ MARCO E. MONTENEGRO, Appellant, v P12, LLC, Respondent. [13 NYS3d 241]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated June 30, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was predicated upon 12 NYCRR 23-1.8 (a).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of

action alleging a violation of Labor Law § 241 (6) insofar as it was predicated upon 12 NYCRR 23-1.8 (a) is denied.

The plaintiff was employed as a carpenter on a renovation project at premises owned by the defendant. The plaintiff alleged that, while using a pneumatic nail gun to attach molding around a window, he was hit in the left eye with a nail and sustained injury.

The plaintiff commenced this action against the defendant alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). The plaintiff alleged that he was not provided with adequate eye protection while using the nail gun. The plaintiff's bill of particulars provided that the cause of action alleging a violation of Labor Law § 241 (6) was predicated upon 12 NYCRR 23-1.5, 23-1.7, 23-1.8 (a), 23-1.21 and 23-1.30. The defendant moved for summary judgment dismissing the complaint and the Supreme Court granted the motion in its entirety. The plaintiff appeals from so much of the order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was predicated upon 12 NYCRR 23-1.8 (a).

Contrary to the defendant's contention, the Supreme Court did not sua sponte direct the dismissal of the cause of action alleging a violation of Labor Law § 241 (6). In both its notice of motion and in the supporting affirmation of its attorney, the defendant moved for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) in its entirety (*cf. Shaw v RPA Assoc., LLC*, 75 AD3d 634, 635 [2010]; *Edwards v C & D Unlimited*, 289 AD2d 370, 371 [2001]). The plaintiff opposed the motion and argued that there was a triable issue of fact.

The Supreme Court erred, however, in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was predicated upon 12 NYCRR 23-1.8 (a). This Industrial Code provision requires the furnishing of eye protection equipment to employees who, inter alia, are "engaged in any . . . operation which may endanger the eyes." The defendant's submissions failed to eliminate a triable issue of fact as to whether, at the time of the plaintiff's accident, the plaintiff was engaged in work that "may endanger the eyes" so as to require the use of eye protection pursuant to 12 NYCRR 23-1.8 (a) (*see Guryev v Tomchinsky*, 87 AD3d 612, 613 [2011], *affd* 20 NY3d 194 [2012]; *Pedras v Authentic Renaissance Modeling & Contr., Inc.*, 16 AD3d 567, 567-568 [2005]; *Fresco v*

*157 E. 72nd St. Condominium*, 2 AD3d 326, 328 [2003]; *Cappiello v Telehouse Intl. Corp. of Am.*, 193 AD2d 478, 478-480 [1993]). Triable issues of fact èxist as to whether the plaintiff's use of a pneumatic nail gun at the time of the accident made the possibility of injury to his eye sufficiently foreseeable so as to require eye protection (*see Guryev v Tomchinsky*, 87 AD3d at 613). Moreover, there is a triable issue of fact as to whether approved eye protection was provided to the plaintiff on the date of the accident. The defendant's failure to make a prima facie showing of entitlement to judgment as a matter of law required the denial of that branch of the defendant's motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.