Ritter v Fort Schuyler Mgt. Corp. (2019 NY Slip Op 00769)





Ritter v Fort Schuyler Mgt. Corp.


2019 NY Slip Op 00769


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1229 CA 18-00953

[*1]GREGORY RITTER AND GAIL RITTER, PLAINTIFFS-APPELLANTS,
v
FORT SCHUYLER MANAGEMENT CORPORATION, DEFENDANT-RESPONDENT.






LONGSTREET & BERRY, LLP, FAYETTEVILLE (MARTHA L. BERRY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRADY J. O'MALLEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered August 16, 2017. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant leased a portion of a public university campus from the State of New York and, consistent with defendant's purpose of facilitating the development of a construction project on the campus, it subsequently subleased the property to nonparty Economic Development Growth Enterprises Corporation (EDGE). EDGE, in turn, entered a construction contract by which it hired nonparty Jersen Construction Group, LLC (Jersen) to perform certain work on the project. Plaintiffs commenced this Labor Law and common-law negligence action against defendant seeking damages for injuries allegedly sustained by Gregory Ritter (plaintiff), who was employed by Jersen, while he was working on the project. Supreme Court granted defendant's motion for summary judgment dismissing the complaint. As limited by their brief, plaintiffs appeal from the order to the extent that it granted those parts of the motion seeking dismissal of the Labor Law §§ 240 (1) and 241 (6) claims. We affirm.
It is well established that, for purposes of Labor Law §§ 240 (1) and 241 (6) liability, "the term owner' is not limited to the titleholder of the property where the accident occurred and encompasses a [party] who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for [its] benefit' " (Scaparo v Village of Ilion, 13 NY3d 864, 866 [2009], quoting Copertino v Ward, 100 AD2d 565, 566 [2d Dept 1984]). " [The owner] is the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed' " (Guryev v Tomchinsky, 87 AD3d 612, 614 [2d Dept 2011], affd 20 NY3d 194 [2012]; see Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 114 [4th Dept 1981], lv denied 56 NY2d 503 [1982]). Thus, "[t]he key factor in determining whether a non-titleholder is an owner' is the right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control' " (Ryba v Almeida, 27 AD3d 718, 719 [2d Dept 2006], quoting Copertino, 100 AD2d at 567; see Guryev, 87 AD3d at 614; Sweeting, 83 AD2d at 114).
Contrary to plaintiffs' contention, we conclude that defendant met its initial burden of establishing that it was not an owner for purposes of Labor Law §§ 240 (1) and 241 (6). Defendant's submissions established that "it was an out-of-possession lessee of the property [that] neither contracted for nor supervised the work that brought about the injury, and had no authority to exercise any control over the specific work area that gave rise to plaintiff's injuries' " [*2](Crespo v Triad, Inc., 294 AD2d 145, 146 [1st Dept 2002]). In his affidavit, Jersen's project manager averred that defendant was neither a party to nor involved with the negotiation of the construction contract between EDGE and Jersen; the project manager never saw any employees or representatives of defendant on site during the project; Jersen employees were not permitted to take orders from anyone other than an authorized Jersen representative; and defendant had no authority or control over Jersen employees working on the project. Those averments are consistent with the construction contract, which defined EDGE as the "[o]wner" and Jersen as the "[c]ontractor," and provided that Jersen, as the "[c]ontractor," was solely responsible for instituting and supervising all safety precautions and protections. Contrary to plaintiffs' contention, the mere fact that the sublease between defendant and EDGE required defendant's approval of the plans and specifications for the project work does not raise a material issue of fact where, as here, defendant did not contract to have the project work performed and the sublease "did not vest [defendant] with authority to determine which contractors to hire, . . . control the [project] work or . . . insist that proper safety practices [be] followed' " (Guryev, 20 NY3d at 200; see Wendel v Pillsbury Corp., 205 AD2d 527, 528-529 [2d Dept 1994]; Bach v Emery Air Frgt. Corp., 128 AD2d 490, 491 [2d Dept 1987]).
Inasmuch as plaintiffs failed to raise a material issue of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), the court properly determined that defendant was entitled to summary judgment dismissing the Labor Law
§§ 240 (1) and 241 (6) claims. In light of our determination, we do not address plaintiffs' remaining contentions.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court