Thompson v M & M Forwarding of Buffalo, N.Y., Inc. (2019 NY Slip Op 05875)





Thompson v M & M Forwarding of Buffalo, N.Y., Inc.


2019 NY Slip Op 05875


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


435 CA 18-02394

[*1]JERON THOMPSON, PLAINTIFF-RESPONDENT,
v
M AND M FORWARDING OF BUFFALO, NEW YORK, INC., DEFENDANT-APPELLANT, AND TBT CORPORATION, DEFENDANT-RESPONDENT. 






LIPPMAN O'CONNOR, BUFFALO (MATTHEW J. DUGGAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
NASH CONNORS, P.C., BUFFALO (PHILIP M. GULISANO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered June 4, 2018. The order, among other things, denied the cross motion of defendant M and M Forwarding of Buffalo, New York, Inc. for summary judgment dismissing the complaint and cross claim against it. 
It is hereby ORDERED that said appeal from the order insofar as it reserved decision on the cross motion of defendant TBT Corporation is unanimously dismissed, and the order is modified on the law by granting the cross motion of defendant M and M Forwarding of Buffalo, New York, Inc. in part and dismissing the cross claim against it, and as modified the order is affirmed without costs.
Memorandum: Defendant TBT Corporation (TBT) owns a warehouse that it leased to defendant M and M Forwarding of Buffalo, New York, Inc. (M and M). M and M subleased a portion of the warehouse to plaintiff's employer, which is not a party to this action. Plaintiff was injured at the warehouse in the course of his work, and he commenced this action against defendants and asserted theories of liability under, inter alia, Labor Law §§ 240 (1) and 241 (6). Defendants cross-claimed against each other for indemnification.
As limited by its brief and its representation at oral argument before us, M and M now appeals from those parts of an order that denied its cross motion to the extent that it sought summary judgment dismissing TBT's cross claim against it and that reserved decision on TBT's cross motion to the extent that it sought summary judgment dismissing M and M's cross claim against it. At the outset, we note that "[t]o the extent that the order reserved decision, it is not appealable" (Cobb v Kittinger, 168 AD2d 923, 923 [4th Dept 1990]; see CPLR 5701 [a] [2]), and we therefore dismiss the appeal from the order insofar as it reserved decision on TBT's cross motion.
On appeal, M and M asserts that it was not an "owner" of the warehouse for purposes of the Labor Law, and that TBT, which M and M contends is the true "owner" of the warehouse for purposes of the Labor Law, therefore cannot be entitled to indemnification from M and M. We agree with M and M. For purposes of Labor Law §§ 240 (1) and 241 (6) liability, "the term owner' is not limited to the titleholder of the property where the accident occurred and encompasses a [party] who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for [its] benefit' " (Scaparo v Village of Ilion, 13 NY3d 864, 866 [2009]). " [The owner] is the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed' " (Guryev v Tomchinsky, 87 AD3d 612, 614 [2d Dept 2011], affd 20 NY3d 194 [2012]; see Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 114 [4th Dept 1981], lv denied 56 NY2d 503 [1982]). "The key factor in [*2]determining whether a non-titleholder is an owner' is the right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control' " (Ryba v Almeida, 27 AD3d 718, 719 [2d Dept 2006]; see Guryev, 87 AD3d at 614; Sweeting, 83 AD2d at 114).
Here, M and M met its initial burden of establishing that it was not an owner for purposes of Labor Law §§ 240 (1) and 241 (6) because its submissions established that "it was an out-of-possession lessee of the property [that] neither contracted for nor supervised the work that brought about the injury, and had no authority to exercise any control over the specific work area that gave rise to plaintiff's injuries' " (Crespo v Triad, Inc., 294 AD2d 145, 146 [1st Dept 2002]; see Ritter v Fort Schuyler Mgt. Corp., 169 AD3d 1419, 1420 [4th Dept 2019]). Inasmuch as TBT failed to raise a material issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), Supreme Court erred in denying M and M's cross motion to the extent that it sought summary judgment dismissing TBT's cross claim against M and M. We therefore modify the order by granting M and M's cross motion in part and dismissing TBT's cross claim against it.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court