Rodriguez v Sheridan One Co., LLC (2019 NY Slip Op 08238)





Rodriguez v Sheridan One Co., LLC


2019 NY Slip Op 08238


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-11162
 (Index No. 503253/15)

[*1]Theresa Rodriguez, respondent, 
v
Sheridan One Company, LLC, appellant.


Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (Stephanie C. Gorin and Peter J. Scutero of counsel), for appellant.
Napoli Shkolnik PLLC, New York, NY (Joseph P. Napoli and Kristina Georgiou of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 30, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell on a raised floor divider that separated the carpet from the linoleum floor at premises owned by the defendant and leased to the plaintiff's employer. Thereafter, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that it was an out-of-possession landlord with no duty to maintain the premises, that it did not have any notice of the condition, and that the alleged defect was trivial and non-actionable as a matter of law. In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion, and the defendant appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Casson v McConnell, 148 AD3d 863, 864). "Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had actual or constructive notice of it" (Davidson v Steel Equities, 138 AD3d 911, 912; see Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 544).
Here, the defendant demonstrated, prima facie, that it was an out-of-possession landlord, that it was not contractually obligated to maintain the carpeting, that it did not assume such a duty through a course of conduct, and that it did not create the alleged defect by installing the carpeting or the floor divider (see Crosby v Southport, LLC, 169 AD3d 637, 639). However, the evidence submitted in opposition to the motion, which included the affidavits of the plaintiff and two [*2]of her former coworkers, raised a triable issue of fact as to whether the defendant assumed a duty to maintain the carpeting by its course of conduct (see Milham v Port Auth. of N.Y. & N.J., 117 AD3d 694, 695), or created the alleged defect by replacing the carpeting a few months before the plaintiff's fall. The defendant's contention that the affidavits of the plaintiff's former coworkers should not have been considered was improperly raised for the first time on appeal in its reply brief (see County of Nassau v Expedia, Inc., 120 AD3d 1181, 1183; Hendrickson v Dynamic Med. Imaging, P.C., 78 AD3d 999, 1001).
Furthermore, the defendant failed to demonstrate, prima facie, that it did not have constructive notice of the allegedly defective condition that caused the plaintiff to fall (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). In addition, the defendant failed to establish, prima facie, that the alleged defect was trivial and, therefore, not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-79; Trincere v County of Suffolk, 90 NY2d 976, 977). In this regard, the defendant failed to eliminate all triable issues of fact as to the dimensions of the alleged defect (see Craig v Meadowbrook Pointe Homeowner's Assn., Inc., 158 AD3d 601, 603), and the photographs upon which the defendant relied were not authenticated by evidence sufficient to establish that the condition at the time of the plaintiff's fall was substantially as shown in the photograph (see Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 859; Matter of Valentine v City of New York, 72 AD3d 981, 982).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court