Chuqui v Cong. Ahavas Tzookah V'Chesed, Inc. (2024 NY Slip Op 02166)

Chuqui v Cong. Ahavas Tzookah V'Chesed, Inc.

2024 NY Slip Op 02166

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-03104
 (Index No. 521397/17)

[*1]Jose D. Chuqui, plaintiff-respondent, 
v
Cong. Ahavas Tzookah V'Chesed, Inc., et al., defendants third-party plaintiffs, Fast Build, Inc., defendant-appellant; Upstate Connection, LLC, third-party defendant- appellant.

Cullen and Dykman LLP, New York, NY (Diana Neyman of counsel), for third-party defendant-appellant.
Ginarte Gallardo Gonzalez Winograd, LLP, New York, NY (Timothy Norton and Anthony DeStefano of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the defendant Fast Build, Inc., separately appeals, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 2, 2021. The order, insofar as appealed from by the third-party defendant, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant third-party plaintiff Cong. Ahavas Tzookah V'Chesed, Inc. The appeal by the defendant Fast Build, Inc., was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is reversed insofar as appealed from by the third-party defendant, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant third-party plaintiff Cong. Ahavas Tzookah V'Chesed, Inc., is denied.
On July 11, 2017, the plaintiff, an employee of the third-party defendant, was working as a carpenter on a remodeling project at premises owned by the defendant third-party plaintiff Cong. Ahavas Tzookah V'Chesed, Inc. (hereinafter the Congregation). The plaintiff allegedly was injured while operating a nail gun to attach wood plates to a building roof when debris from a metal wire to which nails were secured, such that they could be loaded into the nail gun, flew off and hit his right eye.
Thereafter, the plaintiff commenced this action against the Congregation, among others, alleging violations of Labor Law §§ 200 and 241(6). The plaintiff's bill of particulars provided that the cause of action alleging a violation of Labor Law § 241(6) was predicated upon a violation of Industrial Code (12 NYCRR) § 23-1.8(a). The Congregation and another defendant commenced a third-party action against the third-party defendant. The plaintiff moved for summary [*2]judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The Congregation and the third-party defendant, among others, separately opposed the motion. In an order dated March 2, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the Congregation. The third-party defendant appeals.
The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the Congregation.
Labor Law § 241(6) imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection and safety for workers without regard to direction and control (see Guoxing Song v CA Plaza, LLC, 208 AD3d 760, 761; Romero v J & S Simcha, Inc., 39 AD3d 838, 839). "In order to establish liability under Labor Law § 241(6), a plaintiff must 'establish the violation of an Industrial Code provision which sets forth specific safety standards,' and which 'is applicable [to the facts] of the case'" (Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746-747, quoting Aragona v State of New York, 147 AD3d 808, 809). Industrial Code (12 NYCRR) § 23-1.8(a) requires the furnishing of eye protection equipment to employees who, inter alia, are "engaged in any . . . operation which may endanger the eyes."
Here, the plaintiff's submissions failed to eliminate a triable issue of fact as to whether, at the time of his accident, the plaintiff was engaged in work that "may endanger the eyes" so as to require the use of eye protection pursuant to Industrial Code (12 NYCRR) § 23-1.8(a) (see Montenegro v P12, LLC, 130 AD3d 695, 696; Guryev v Tomchinsky, 87 AD3d 612, 613, affd 20 NY3d 194; Pedras v Authentic Renaissance Modeling & Contr., Inc., 16 AD3d 567, 567-568).
The plaintiff's failure to make a prima facie showing of his entitlement to judgment as a matter of law required the denial of that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the Congregation, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the third-party defendant's remaining contention.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court