| |
|---|
| **Anderson v City of New York** |
| 2024 NY Slip Op 33596(U) |
| October 8, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 500602/2018 |
| Judge: Wayne Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 8th day of October 2024.

P R E S E N T:

HON. WAYNE SAITTA, Justice.

-------------------------------------------------------------X

PAUL ANDERSON,

Plaintiff,

-against-

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,

Defendants.

-------------------------------------------------------------X

THE CITY OF NEW YORK, and NEW YORK CITY POLICE DEPARTMENT,

Third-Party Plaintiffs,

-against-

PIONEER PIPING CORP d/b/a PIONEER PIPING, LLC,

Third-Party Defendant.

-------------------------------------------------------------X

PIONEER PIPING CORP d/b/a PIONEER PIPING, LLC,

Second Third-Party Plaintiff,

-against-

ZHL GROUP, INC.,

Second Third-Party Defendant.

-------------------------------------------------------------X

Index No. 500602/2018

MS #2, MS #3 & MS #4

Decision and Order

The following papers read on this motion:

|  | NYSCEF Doc Nos |
| --- | --- |
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 70-89, 91-106, 108-125, 151-152 |
| Cross-motions Affidavits (Affirmations) and Exhibits |  |
| Answering Affidavit (Affirmation) | 126-150, 153 |
| Reply Affidavit (Affirmation) | 154-157 |
| Supplemental Affidavit (Affirmation) |  |

[* 1]

Plaintiff alleges that he was injured while working on a ladder installing insulation on an HVAC pipe when the pipe exploded striking him and propelling him backwards. He grabbed the ladder but was unable to prevent his fall. The ladder shook but did not fall.

Plaintiff was employed by Second Third-Party Defendant ZHL GROUP INC (ZHL) which was also the general contractor.

Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT (CITY) were the owners of the building.

Defendant PIONEER PIPING CORP (PIONEER) is a subcontractor that installed the pipe.

Plaintiff moves for summary judgment on his claim against Defendant CITY pursuant to Labor Law § 240(1).

Defendant CITY moves for summary judgment dismissing Plaintiff's claims pursuant to Labor Law §§ 241(6) and 200, and for summary judgment on its claims against Defendant PIONEER for indemnification and failure to procure insurance.

Second Third-Party Defendant ZHL moves for summary judgment dismissing the complaint against it pursuant to Worker Compensation Law § 11 arguing Plaintiff has not suffered a grave injury.

**Plaintiff's motion**

Plaintiff argues that he is entitled to summary judgment because he was not provided any means to secure the ladder and was not provided with alternative safety devices, such as an anchor point to tie off a body harness or a scaffold with railings.

Defendants argue that Plaintiff's injury was not gravity related nor caused by a violation of § 240(1) or any defect in the ladder. They argue his injury was caused by being struck by the pipe, and that the explosion or rupture of the pipe was an intervening,

2

superseding cause of his injury. They also point to Plaintiff's deposition testimony that there was no defect in the ladder and that the ladder did not fall.

In his deposition, Plaintiff described how the accident occurred stating,

"I started applying insulation, while insulating is when I heard a hissing noise and before I knew anything the unit had exploded hitting me violently shooting me backwards, I grabbed the ladder, the ladder shook back and forth, front to side, I hugged the ladder and slid down each and every ring of the ladder hitting my face and my mouth on each one of the ladder before I slammed to the ground and fell and then I got up as fast as possible."

Plaintiff's testimony demonstrates that there are questions of fact both as to whether his injuries were caused by being knocked off the ladder by the exploding pipe or by the failure of the ladder to be secured, as well as whether he should have been provided with an alternate safety device (see *Cutaia v. Board of Managers*, 38 NY3d 1037 [2022], in which the Court of Appeals reversed summary judgment to a Plaintiff on a § 240(1) claim where the worker fell off a ladder after receiving an electrical shock, holding that there were questions of fact whether the ladder's purported inadequacy or the absence of additional safety devices was a proximate cause of plaintiff's accident).

## CITY's motion

Defendant CITY moves for summary judgement dismissing Plaintiff's claims pursuant to Labor Law §§ 200 and 241(6), as well as summary judgment on its third-party claims against Defendant PIONEER.

As a preliminary matter, Plaintiff has withdrawn his Labor Law § 200 claims against Defendant CITY.

3

[* 3]

**Labor Law § 241(6)**

Plaintiff has withdrawn all of his claims pursuant to Labor Law § 241(6) except as to Industrial Code Section 23-1.8(a). This section requires that "[a]pproved eye protection equipment suitable for the hazard involved shall be provided..." (Industrial Code § 23-1.8[a]). This section is sufficiently specific to maintain a cause of action under Labor Law §241(6) (see *Montenegro v. P12, LLC*, 130 AD3d 695 [2d Dept 2015]).

Defendant CITY argues that there was no violation of this section because Plaintiff admitted that he brought his own standard safety glasses and was wearing them at the time of the accident.

Plaintiff argues that there is no evidence that his glasses were approved eyeglasses, or that he was provided with approved eye protection and chose to wear his glasses instead. Plaintiff further argues that there is a question of fact whether Plaintiff's glasses which were knocked off him by the pipe explosion were suitable for the hazards involved in working on a pressurized pipe.

The Second Department has denied summary judgment on a § 241(6) claim where a Plaintiff was wearing safety glasses he had brought, holding that under such facts there is still a question as to whether the Plaintiff was provided with approved eye protection (see Argueta *v. City*, 223 AD3d 862 [2d Dept 2024]).

As the record does not indicate that the safety glasses Plaintiff was wearing were approved or whether he was offered with approved eye protection, Defendant CITY has not met its burden to dismiss Plaintiff's § 241(6) claim.

4

[* 4]

**Defendant CITY's Third-Party Claims**

Defendant CITY seeks summary judgment on its third-party claims against Defendant PIONEER for 1) common law indemnification and contribution, 2) contractual indemnification, and 3) failure to procure insurance.

**Common Law Indemnification**

Defendant CITY seeks summary judgment on its claims for common law indemnification and contribution against Defendant PIONEER, arguing that PIONEER was negligent in leaving the pipes pressurized after a pressure test on the pipes was completed.

A pressure test was conducted on the pipes a few days before the accident. The test involved increasing the pressure in the pipes to 450 PSI in order to detect any leaks in the pipes. Defendant PIONEER and Defendant CITY were present at the pressure test which was successful.

Defendant PIONEER claims that they were told by Defendant ZHL to leave the pipes at the test level pressure, which is contrary to normal practice. Defendant ZHL denies that they told Defendant PIONEER to leave the pipes at the test level pressure.

Defendant PIONEER also argues that extra pressure in the pipes could not have caused the pipes to explode.

The cause of the explosion or rupture of the pipe is at this point undetermined. Further, there is a question of fact whether Defendant PIONEER was instructed by Defendant ZHL to leave the pipes at the test level pressure. Thus, it remains a question whether or not Defendant PIONEER was negligent, which precludes granting Defendant CITY's summary judgment on its common law indemnification and contribution claim against Defendant PIONEER.

5

**Contractual Indemnification**

Section 2.1 of the contract between Defendant PIONEER and Defendant ZHL requires Defendant PIONEER to indemnify Defendant ZHL and Defendant CITY for any claims or liability "arising out of or in any way connected with or incidental to, the performance of the Work or any of the obligations contained in this Contract". The indemnification clause is not limited to Defendant PIONEER's negligence.

As the injury was caused by the explosion or rupture of the pipe Defendant PIONEER installed, it comes within the indemnification clause even though the failure of the pipe may not have been caused by negligence on the part of Defendant PIONEER.

Defendant PIONEER argues that because Defendant CITY observed the pressure test there is a question of fact as to whether Defendant CITY was negligent and the contract does not require Defendant PIONEER to indemnify Defendant CITY for its own negligence.

However, that argument is without merit, as Defendant CITY did not control or direct the work of Plaintiff or of Defendant PIONEER. The fact that Defendant CITY was present at the pressure test and that a CITY employee would inspect and sign off on Defendant PIONEEER's work before they were paid does not establish supervision or control of the work (*see Medina-Arana v. Henry St. Prop. Holdings, LLC*, 186 AD3d 1666, [2d Dept 2020]).

**Failure to Procure Insurance**

That part of Defendant City's motion for summary judgment on its claim for failure to procure insurance must be denied as the CITY did not address that claim in its moving papers.

6

[* 6]

**ZHL's motion**

Defendant ZHL, the Plaintiff's employer, has moved to dismiss Defendant PIONEER's Second-Third Party Complaint against it on the grounds that Plaintiff has not suffered a grave injury.

Pursuant to Workers Compensation Law § 11(1) "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" is a grave injury.

Defendant PIONEER has previously withdrawn all its Second Third-Party claims against Defendant ZHL except for common law indemnity and contribution.

Neither the Plaintiff nor Defendant CITY opposed ZHL's motion.

Defendant PIONEER makes two arguments in opposition to the motion. First, that the motion is untimely, and second that Plaintiff's claim of a traumatic brain injury could be found to be a grave injury.

While Defendant ZHL's motion is untimely, the Court may consider an untimely summary judgment motion where a timely motion for summary judgment was made on nearly identical grounds (*see Grande v. Peteroy*, 39 AD3d 590 [2d Dept 2007]; *Alonzo v. Safe Harbors of the Hudson HDFC Inc.*, 104 AD3d 446 [1st Dept 2013]). Here, the summary judgment motion by Defendant CITY seeks similar relief to that sought by Defendant ZHL.

On considering the motion on its merits, Defendant ZHL met its prima facie burden for summary judgment through the submission of affidavits from several doctors and a vocational rehabilitation expert concluding that Plaintiff was not permanently and totally disabled.

Defendant PIONEER has not submitted any medical or expert evidence to rebut Defendant ZHL's evidence that Plaintiff is not permanently and totally disabled.

7

[* 7]

Moreover, Defendant PIONEER in its affirmation in opposition to the motion states that "it stands by the defense IME reports". These reports found that Plaintiff was not permanently and totally disabled.

Once Defendant ZHL met its prima facie burden that Plaintiff did not suffer a grave injury, Defendant PIONEER cannot simply stand on the fact that Plaintiff has asserted a claim of traumatic brain injury, but must come forth with evidence to demonstrate that there is at least an actual question of fact as to whether Plaintiff suffered a grave injury. Defendant PIONEER has failed to do so.

WHEREFORE, it is hereby ORDERED, that Plaintiff's motion for summary judgment is Denied; and it is further,

ORDERED, that that part of the motion of Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT to dismiss Plaintiff's claims pursuant to Labor Law § 200 is Denied as moot; and it is further,

ORDERED, that that part of the motion of Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT to dismiss Plaintiff's claims pursuant to Labor Law § 241(6) is Denied; and it is further,

ORDERED, that that part of the motion of Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT for summary judgement on its third-party claim for common law indemnification and contribution against Defendant PIONEER PIPING CORP d/b/a PIONEER PIPING, LLC is Denied; and it is further,

ORDERED, that that part of the motion of Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT for summary judgement on its third-party claim for contractual indemnification against Defendant PIONEER PIPING CORP d/b/a PIONEER PIPING, LLC is Granted; and it is further,

8

ORDERED, that that part of the motion of Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT for summary judgement on its third-party claim for failure to procure insurance is Denied; and it is further,

ORDERED, that the motion of Defendant ZHL GROUP, INC. to dismiss the second third-party complaint against it is Granted.

This constitutes the Decision and Order of this Court.

E N T E R:

_____
JSC

9