Lopez v Kamco Servs., LLC (2024 NY Slip Op 05338)

Lopez v Kamco Servs., LLC

2024 NY Slip Op 05338

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-05176
 (Index No. 514485/18)

[*1]David Lopez, appellant, et al., plaintiff, 
v
Kamco Services, LLC, respondent, et al., defendant.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Karen H. Tommer, Jacqueline Hattar, and Guy Des Rosiers of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff David Lopez appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 7, 2022. The judgment, insofar as appealed from, upon an order of the same court dated February 16, 2022, inter alia, granting that branch of the motion of the defendant Kamco Services, LLC, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.8(a) insofar as asserted against it, is in favor of the defendant Kamco Services, LLC, and against the plaintiff David Lopez dismissing that portion of that cause of action.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Kamco Services, LLC, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.8(a) insofar as asserted against it is denied, that portion of that cause of action is reinstated, and the order dated February 16, 2022, is modified accordingly.
In May 2018, the plaintiff David Lopez allegedly was injured while performing electrical work in Brooklyn at premises owned by the defendant Kamco Services, LLC (hereinafter Kamco). Kamco retained the services of Lopez's employer, nonparty Switch Electric of the Five Boroughs, Inc. (hereinafter Switch Electric). Lopez was employed by Switch Electric as a mechanic and assisted with the installation of electrical cables to allow the distribution of electricity to a tent that was used by Kamco to store materials. Lopez alleged that he was struck in the left eye by an electrical cable while attempting to connect the cable to a disconnector and that no goggles or other eye protection was provided to him.
In July 2018, Lopez, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against Kamco and another defendant. The plaintiffs alleged, among other things, a violation of Labor Law § 241(6) predicated upon a violation of 12 NYCRR 23-1.8(a), which provides that "[a]pproved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons . . . while engaged in any . . . [*2]operation which may endanger the eyes." In July 2020, the derivative cause of action asserted by Lopez's wife was discontinued.
Subsequently, Kamco moved, inter alia, for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.8(a) insofar as asserted against it. In an order dated February 16, 2022, the Supreme Court, among other things, granted that branch of the motion. The court then issued a judgment dated March 7, 2022, upon the order, inter alia, dismissing that portion of the Labor Law § 241(6) cause of action. Lopez appeals.
"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Guoxing Song v CA Plaza, LLC, 208 AD3d 760, 761). "'[T]he courts have generally held that the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13), which defines construction work expansively. Under that regulation, construction work consists of [a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures'" (Wass v County of Nassau, 173 AD3d 933, 935, quoting De Jesus v Metro-North Commuter R.R., 159 AD3d 951, 953). Construction work pursuant to 12 NYCRR 23-1.4(b)(13) may include "the work of hoisting, land clearing, earth moving, grading, excavating, trenching, pipe and conduit laying, road and bridge construction, concreting, . . . equipment installation and the structural installation of wood, metal, glass, plastic, masonry and other building materials in any form or for any purpose."
Furthermore, "[i]n order to establish liability under Labor Law § 241(6), a plaintiff must 'establish the violation of an Industrial Code provision which sets forth specific safety standards,' and which 'is applicable under the circumstances of the case'" (Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746-747, quoting Aragona v State of New York, 147 AD3d 808, 809). "An owner or contractor may be held liable under Labor Law § 241(6) even if it did not have control of the site or notice of the alleged dangerous condition" (Gonzalez v City of New York, 227 AD3d 958, 960; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348-351). "In order to establish prima facie entitlement to summary judgment, a defendant must show that the plaintiff failed to identify a section of the Industrial Code that was allegedly violated, that any such section is insufficiently specific to support liability or is inapplicable to the facts of the case, or that the defendant complied with the requirements of the identified provision" (Gonzalez v City of New York, 227 AD3d at 960; see Karwowski v Grolier Club of City of N.Y., 144 AD3d 865, 867).
Here, since Lopez was engaged in the installation and furnishing of electrical cables, Kamco failed to establish, prima facie, that Labor Law § 241(6) was inapplicable to Lopez's activities (see 12 NYCRR 23-1.4[b][13]; Joblon v Solow, 91 NY2d 457, 466; Wass v County of Nassau, 173 AD3d at 934). Kamco also failed to establish, prima facie, that 12 NYCRR 23-1.8(a) was inapplicable or that Lopez's actions were the sole proximate cause of his alleged injuries, as Kamco failed to eliminate triable issues of fact as to whether Lopez was engaged in work that might endanger the eyes, whether approved eye protection was provided to Lopez on the date of the accident, and whether Kamco's failure to require Lopez to wear safety goggles was a proximate cause of his alleged injuries (see Gonzalez v City of New York, 227 AD3d at 960; Montenegro v P12, LLC, 130 AD3d 695, 696).
Accordingly, since Kamco failed to make a prima facie showing of its entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.8(a) insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Although this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue or cause of action that was the subject of a [*3]motion before the Supreme Court, we decline Lopez's request to search the record and award him summary judgment on so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.8(a) insofar as asserted against Kamco (see Chuqui v Cong. Ahavas Tzookah V'Chesed, Inc., 226 AD3d 960, 962; Santos v ACA Waste Servs., Inc., 103 AD3d 788, 789-790).
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court