■ HECTOR REYNOSO, Respondent, v BOVIS LEND LEASE LMB, INC., et al., Appellants. [4 NYS3d 55]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated May 10, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the defendant Bovis Lend Lease LMB, Inc., and denied their motion, inter alia, to vacate the note of issue and to compel further discovery.

Ordered that the appeal by the defendant National September 11 Memorial and Museum at the World Trade Center Foundation, Inc., from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the defendant Bovis Lend Lease LMB, Inc., is dismissed, as the defendant National September 11 Memorial and Museum at the World Trade Center Foundation, Inc., is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The National September 11 Memorial and Museum at the World Trade Center Foundation, Inc. (hereinafter National), contracted with Bovis Lend Lease LMB, Inc. (hereinafter Bovis), in connection with the construction of a memorial and museum at the site of the former World Trade Center. Bovis subcontracted with nonparty Navillus Contracting, which employed the plaintiff as a laborer. On the morning of February 12, 2010, the plaintiff was instructed to carry a nine-by-two-foot plywood panel weighing more than 100 pounds to an adjacent area of the construction site, which required him to walk over an area that was covered in snow and ice. The plaintiff slipped and fell, allegedly sustaining injuries, and commenced this action against National and Bovis, alleging violations of, inter alia, Labor Law § 241 (6), predicated on certain provisions of the Industrial Code relating to slipping hazards.

After depositions and discovery took place, the plaintiff filed a note of issue and certificate of readiness. The defendants moved, inter alia, to vacate the note of issue and certificate of readiness and to compel further discovery. The plaintiff opposed the defendants' motion and moved for summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action. The Supreme Court denied the defendants' motion,

and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action insofar as asserted against Bovis.

As a predicate for liability pursuant to Labor Law § 241 (6), the plaintiff alleged that he was injured as a result of a snow and ice condition that was permitted to remain on the worksite in violation of 12 NYCRR 23-1.7 (d). That section of the Industrial Code unequivocally directs that ice and snow "shall be removed" from worksites so as "to provide safe footing" (12 NYCRR 23-1.7 [d]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350-351 [1998]). The duty imposed is nondelegable (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 350). Indeed, here, the Construction Management Agreement between National and Bovis provided that Bovis "shall remove snow or ice from the Project Site." The plaintiff's testimony at his deposition and his averments in his affidavit in support of his motion established that he slipped and fell as a result of the snow and ice at the location where he was performing the tasks assigned to him. The plaintiff also demonstrated his freedom from comparative fault, as he was following his employer's directives, using the equipment provided, and wearing proper shoes as required by his employer. The plaintiff thereby demonstrated his prima facie entitlement to judgment as a matter of law on the Labor Law § 241 (6) cause of action insofar as asserted against Bovis (*see Burnett v City of New York*, 104 AD3d 437, 438 [2013]; *Parrales v Wonder Works Constr. Corp.*, 55 AD3d 579, 582 [2008]). In opposition, Bovis failed to raise a triable issue of fact (*id.* at 582). Moreover, "[s]ince an owner or general contractor's vicarious liability under section 241 (6) is not dependent on its personal capability to prevent or cure a dangerous condition, the absence of actual or constructive notice sufficient to prevent or cure must also be irrelevant to the imposition of Labor Law § 241 (6) liability" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352). Accordingly, the Supreme Court properly granted the plaintiff's motion with respect to Bovis.

The Supreme Court also properly denied the defendants' motion, inter alia, to strike the note of issue and to compel further discovery (*see Singh v City of New York*, 68 AD3d 1096, 1097 [2009]). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.