Guoxing Song v CA Plaza, LLC (2022 NY Slip Op 05025)

Guoxing Song v CA Plaza, LLC

2022 NY Slip Op 05025

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-09397
 (Index No. 713511/17)

[*1]Guoxing Song, respondent, 
v
CA Plaza, LLC, et al., appellants, et al., defendant.

Stonberg Moran LLP, New York, NY (Kevin A. Hickman of counsel), for appellants.
Sullivan & Galleshaw LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Gregory Freedman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants CA Plaza, LLC, CA Plaza, LLC, doing business as 134-22 35th Ave., LLC, and W & L Group Construction, Inc., appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered May 15, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendants CA Plaza, LLC, CA Plaza, LLC, doing business as 134-22 35th Ave., LLC, and W & L Group Construction, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly injured his lower back while working as a carpenter on a building being constructed in Queens. According to the plaintiff, the accident occurred when he slipped on a patch of ice while working at the construction site. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants CA Plaza, LLC, and CA Plaza, LLC, doing business as 134-22 35th Ave., LLC, the owner of the building being constructed, and W & L Group Construction, Inc., the general contractor of the construction project (hereinafter collectively the defendants), alleging, inter alia, a violation of Labor Law § 241(6).
Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. In opposition to the motion, the defendants submitted an untranslated, unsigned, handwritten note in Chinese that purportedly stated that the plaintiff injured his back while lifting a heavy object and uncertified records from the plaintiff's treating acupuncturist in which it was written in English on a "Patient Health History Questionnaire" that the plaintiff injured his back while lifting a heavy object.
In an order entered May 15, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendants. The defendants appeal.
"Labor Law § 241(6) imposes a [non-delegable] duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Singh v 180 Varick, LLC, 203 AD3d 1194, 1196-1197 [internal quotation marks omitted]; see Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). "To establish [*2]liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Chuqui v Amna, LLC, 203 AD3d 1018, 1021 [internal quotation marks omitted]; see Aragona v State of New York, 147 AD3d 808, 809).
Here, the plaintiff met his prima facie burden of establishing that his injuries were proximately caused by a violation of 12 NYCRR 23-1.7(d), in light of his deposition testimony that he was caused to slip and fall when he stepped on ice on the floor of the open-air work site (see Reynoso v Bovis Lend Lease LMB, Inc., 125 AD3d 740, 742). "Once a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201 [internal quotation marks omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Contrary to the defendants' contention, they neither produced evidentiary proof in admissible form sufficient to raise a triable issue of fact nor demonstrated an acceptable excuse for their failure to meet the requirement of tender in admissible form (see Vaccariello v Meineke Car Care Ctr., Inc., 136 AD3d 890, 893). The defendants failed to lay any foundation for the admissibility of their submissions or to provide a certified translation of the first document from Chinese into English. Contrary to the defendants' contention, the lack of certain recollections in the plaintiff's deposition testimony did not raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendants.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court