Medina v 1277 Holdings, LLC (2025 NY Slip Op 00317)

Medina v 1277 Holdings, LLC

2025 NY Slip Op 00317

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2023-02988
 (Index No. 509503/19)

[*1]Victor Medina, plaintiff-respondent-appellant,
v
1277 Holdings, LLC, et al., defendants third-party plaintiffs-respondents; Hiline Construction, Inc., third-party defendant- appellant-respondent.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Nicole A. Verzillo and Lisa M. Rolle of counsel), for third-party defendant-appellant-respondent.
William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for plaintiff-respondent-appellant.
Bartlett LLP, Melville, NY (Roland A. Vitanza of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated March 13, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d) and dismissing affirmative defenses alleging comparative negligence and assumption of risk. The order, insofar as cross-appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(f).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff allegedly sustained personal injuries during a construction project on premises owned by the defendant third-party plaintiff 1277 Holdings, LLC. The defendant third-party plaintiff Ray Builders, Inc., was acting as the general contractor on the project and hired the plaintiff's employer, the third-party defendant, Hiline Construction, Inc. (hereinafter Hiline), as a subcontractor on the project. At the time of the accident, the plaintiff and a coworker were pushing a pallet jack up a plywood ramp when the coworker lost control of the pallet jack. The pallet jack hit the plaintiff's shoulder and the plaintiff fell from the ramp onto the floor. The plaintiff testified at his deposition that the ramp was wet, slippery, and covered in frozen water at the time of the accident.
The plaintiff commenced this personal injury action against the defendants third-party plaintiffs alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6), the latter being [*2]predicated, among other things, on violations of 12 NYCRR 23-1.7(d) and (f). The defendants third-party plaintiffs commenced a third-party action against Hiline, inter alia, for contractual indemnification. Both the defendants third-party plaintiffs and Hiline raised affirmative defenses asserting, among other things, comparative negligence and assumption of risk in their respective answers. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and dismissing the affirmative defenses of comparative negligence and assumption of risk. The defendants third-party plaintiffs moved, and Hiline cross-moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). In an order dated March 13, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d) and dismissing the affirmative defenses alleging comparative negligence and assumption of risk and denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(f). Hiline appeals, and the plaintiff cross-appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887). Thus, "the single decisive question is whether [a] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. The plaintiff's submissions in support of his motion failed to eliminate triable issues of fact as to whether adequate safety devices were provided to him at the work site and, if not, whether the absence of such devices was a proximate cause of the accident (see Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657; Carlton v City of New York, 161 AD3d 930, 932). The opinion of the plaintiff's expert failed to establish that the safety devices provided to the plaintiff, including the pallet jack and the ramp, were inadequate (see Orellana v 7 W. 34th St., LLC, 173 AD3d at 888). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"Labor Law § 241(6) requires that construction sites be conducted so as to provide reasonable and adequate protection and safety to persons employed therein" (Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 615 [internal quotation marks omitted]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 926).
Here, the plaintiff failed to establish, prima facie, that 12 NYCRR 23-1.7(f), which provides that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground," was violated (see Channer v ABAX Inc., 169 AD3d 758, 760). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(f).
However, the plaintiff made a prima facie showing that the ramp was wet and slippery at the time of the accident, in violation of 12 NYCRR 23-1.7(d), which requires employers to remove or cover certain substances, including ice, snow, and water, that may cause slippery footing, and that this violation proximately caused his accident (see Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 705; Reynoso v Bovis Lend Lease LMB, Inc., 125 AD3d 740, 742). In opposition, Hiline failed to raise a triable issue of fact. Contrary to Hiline's contention, the fact that the plaintiff was the sole witness to the accident does not preclude the award of summary judgment in his favor (see Klein v [*3]City of New York, 89 NY2d 833, 834-835; Wein v East Side 11th & 28th, LLC, 186 AD3d 1579, 1581), and Hiline failed to raise a triable issue of fact regarding the plaintiff's credibility as to a material fact (see Klein v City of New York, 89 NY2d at 834-835; Melchor v Singh, 90 AD3d 866, 869). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d).
The Supreme Court also properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defenses of comparative negligence and assumption of risk, as Hiline abandoned these affirmative defenses by failing to address them in opposition to the plaintiff's motion for summary judgment (see Gamez v Sandy Clarkson LLC, 221 AD3d 453, 454-455; Wells Fargo Bank, N.A. v Carrington, 221 AD3d 746, 749).
The defendants third-party plaintiffs' remaining contentions are not properly before this Court, as they did not appeal from the Supreme Court's order.
IANNACCI, CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court