**Carvalho v Lotus Residence LLC**

2025 NY Slip Op 31764(U)

May 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 523886/2020

Judge: Steven Z. Mostofsky

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 9, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York on the 14th Day of May, 2025.

P R E S E N T:

HON. STEVEN Z. MOSTOFSKY,
Justice.

-------------------------------------------------------------X

VINICIUS COUTO CARVALHO,

                    Plaintiff,

-against-

                                        Index No.: 523886/2020

LOTUS RESIDENCE LLC AND
RIVERSIDE DEVELOPERS USA INC.,

                    Defendants.

-------------------------------------------------------------X

The following e-filed papers read herein:              NYSCEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____     72-131
Opposing Affidavits (Affirmations)_____     103-121
Affidavits/ Affirmations in Reply_____     126-128
Exhibits_____     Var.

-----------------------------------------------------------------

      Vinicius Couto Carvalho ("plaintiff") commenced an action against defendants, Lotus Residences LLC ("Lotus"), and Riverside Developers USA Inc., ("Riverside"), alleging that defendants violated Labor Law § 240(1), and § 241(6).

      Defendants, Lotus and Riverside, cross-move, seeking summary judgment dismissing plaintiff's complaint that they violated Labor Law § 240(1), § 241(6), and § 200.

1

[* 1]

**Statement of Facts**

On September 6th, 2019, plaintiff alleges that while employed by Magellan Concrete Structures Inc., ("Magellan"), he sustained injuries as a result of slipping and falling down a portable wooden ladder while going from the first floor to the basement. Lotus was the owner of the worksite, 378 Flushing Avenue, Brooklyn, New York, and the general contractor onsite was Riverside. Plaintiff was employed by Magellan as a general carpenter setting up decks and staircases, as well as working with cement. Plaintiff alleges that the ladder was maintained in a wet and slippery condition due to rain on the day of the alleged incident. After the alleged incident, plaintiff was taken to Woodull Medical Center, Brooklyn, New York.

**Legal Standard**

"'[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue'" (*Rotuba Extruders, Inc v Ceppos*, 46 NY2d 223, 231 [1978], quoting *Moskowitz v Garlock*, 23 AD2d 943 [3rd Dept 1965]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ Med Center*, 64 NY2d 851 [1985]) and "facts must be viewed 'in the light most favorable to the non-moving party'" (*Vega v Restani Const Corp*, 18 NY3d 499, 503 [2012]). The court's function is to determine "material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Const Corp*, 18 NY3d at 505).

**Labor Law § 240(1)**

Labor Law § 240(1), which provides, in pertinent part, as follows:

"All contractors and owners and their agents...who contract for but do not direct or control the work, in the erection, demolition, repairing, [or] altering . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces,

2

irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

It is, by now, well established that the duty imposed by Labor Law § 240(1) is non-delegable and that an owner or contractor who breaches that duty may be held liable for damages regardless of whether it has exercised supervision or control over the work (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 500 [1993]). The purpose of Labor Law §240(1) is to protect construction workers "from the pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). The worker's injuries have to be a direct consequence of failure to adequately protect against risk arising from physically significant elevation differential (*Id.*). In other words, Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder, or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 501 [1993]). The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning, or defectively designed scaffold, stay, or hoist (*Id.*).

Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials (*Melchor v Singh*, 90 AD3d 866, 868 [2d Dept 2011]). A fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1) (*Id.*). There must be evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries (*Id.*).

Plaintiff was engaged in one of the enumerated activities under Labor Law 240(1), as he was performing construction work while on a ladder. Plaintiff's accident was gravity related as he fell from a height from the second or third rung of the ladder, which was approximately ten

3

(10) feet (NYSCEF Doc. No. 96 at p. 2). Plaintiff alleges that his injuries were sustained as a direct result of failing to provide adequate protection against the risk of falling from the ladder, which became slippery and dirty from the rain (NYSCEF Doc. No. 111 at p. 45-46).

In *Milligan v Tutor Perini Corp.*, 191 AD3d 437 [1st Dept 2021], the court held that plaintiff established prima facie that plaintiff's work exposed him to an elevation-related risk against which defendants failed to provide him with proper protection, as required by Labor Law § 240(1). Plaintiff testified that he was injured when he fell while using a wet and slippery wooden ladder provided by defendants for him to move between the tenth and eleventh floors of the construction site to perform his work (*Id.*). Therefore, Plaintiff was not required to show that the ladder was inherently defective (*Id.; see McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [1st Dept 2008]).

Plaintiff established that he was going from the first floor to the basement using a wooden ladder (NYSCEF Doc. No. 111 at p. 44-45), the ladder was wet due to the rain (*Id.*), and as plaintiff was coming down the ladder, he slipped and fell from a height of approximately ten (10) feet (*Id.* at 46) as a result. While plaintiff was wearing a harness, hard hat, and synthetic gloves (NYSCEF Doc. No. 75 at p. 45), plaintiff's employer still sent plaintiff out in the rain to work on a wet ladder despite the known risk of falling while working at height of approximately ten (10) feet in inclement weather. Given the weather conditions, plaintiff should not have been using the ladder. Therefore, plaintiff was exposed to an elevation-related risk against which defendants failed to provide him with proper protection.

Defendants contend that their lack of supervision of plaintiff at the worksite exculpates it from the absolute liability for failure to furnish or erect safety devices that are necessary to protect workers from sustaining fall-related injuries. Aaron Goldberger, the project manager for Riverside, testified that he did not recall any issues with the job-built ladders, that the decision to

4

work in the rain was at Magellan's discretion, and that he was not responsible for determining whether Magellan workers should stop work due to the rain (NYSCEF Doc. No. 74 at p. 4). Furthermore, defendants argue that plaintiff's accident and resulting claims arose from his use own use of the ladder, that all necessary safety equipment, including a harness, hardhat, gloves, and goggles, were available, and plaintiff has failed to establish that he fell from any significant height. However, the defendants' contentions fail, and while plaintiff has established a prima facie case, the defendant has failed to show that a material issue of fact exists. In *Blake v. Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 N.Y.3d 280, 287 [2003], the Court of Appeals held:

> Liability under Labor Law § 240 (1) as "absolute" in the sense that owners or contractors not actually involved in construction can be held liable (*see Haimes v New York Tel. Co.*, 46 NY2d 132, 136 [1978]), regardless of whether they exercise supervision or control over the work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). Intending the same meaning as absolute liability in Labor Law § 240 (1) contexts, the Court in 1990 introduced the term "strict liability" (*Cannon v Putnam*, 76 NY2d 644, 649 [1990]) and from that point on used the terms interchangeably.

Furthermore, once a court determines that an owner or contractor has failed to furnish or erect the requisite safety devices, absolute liability results even where the owner or contractor has exercised little or no supervision, control, or direction over the injury-producing work (*Haimes v. New York Telephone Co.*, 46 N.Y.2d 132, 137 [1978]. Therefore, defendants, Lotus and Riverside, have failed to meet their prima facie burden under Labor Law § 240 (1) that their lack of supervision of plaintiff at the work site exculpates them from the absolute liability for failing to provide safety devices.

Plaintiff has therefore met its prima facie burden under 240(1), as the papers before the court do not indicate that plaintiff was provided with an appropriate ladder, safety netting, or any other device that would have prevented him from falling by the defendants. Therefore, the court grants plaintiff's motion seeking summary judgment (Mot. Seq. 4) on the issue of liability under

5

Labor Law § 240(1), and defendants' motion for summary judgement (Mot Seq.3) under Labor Law § 240(1) is denied.

### Labor Law § 241(6)

Labor Law § 241(6) "imposes a [non-delegable] duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation, or demolition work is being performed" (*Song v. CA Plaza, LLC*, 208 AD3d 760, 761 [2d Dept 2022] [internal quotation marks omitted]). "To establish liability, a plaintiff must demonstrate that his injuries were proximately caused by a violation of an applicable Industrial Code provision" (*Graziano v. Source Builders & Consultants, LLC*, 175 AD3d 1253, 1258 [2d Dept 2019], quoting *Aragona v. State of New York*, 147 AD3d 808, 809 [2d Dept 2018]).

A party must breach a "specific, positive command" rather than a "reiteration of common-law standards" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). *Ross* distinguished between Code provisions "mandating compliance with concrete specifications and those that establish general safety standards" (*Id.* at 505).

In their motion to dismiss, defendants, Lotus and Riverside, have made a prima facie showing that the following industrial codes were not violated:

Industrial Code § 23-1.5: References "General responsibility of employers." Defendants have established that Industrial Code § 23-1.5 cannot be a basis for liability, as the standard of liability under § 241(6) requires that a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of a New York State Industrial Code provision that is applicable given the circumstances of the accident and sets forth a concrete standard of conduct rather than a mere reiteration of common-law principles (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Furthermore, Industrial Codes 23-1.2, 23-1.3, and 23-1.5—are

6

too general to support a Labor Law § 241 (6) claim (*Huether v New York Times Bldg., LLC*, 24 Misc 3d 634, 648 [Sup Ct 2009]). The court notes that plaintiff did not raise this section in their papers.

Industrial Code § 23-1.7(e): References "Tripping and other hazards." Defendants have established that this section is inapplicable, as plaintiff slipped while descending a wet ladder. Additionally, defendants have established that the alleged incident did not result from the accumulation of dirt and debris or from any other obstructions or conditions which could cause tripping, as plaintiff slipped while descending a wet ladder.

Industrial Code § 23-1.11: References "Lumber and nail fastenings." Defendants have established that this section is inapplicable as there is no testimony suggesting any defect in the wood, lumbar, or nails used for the ladder. The court notes that plaintiff did not raise this section in their papers.

Industrial Code § 23-1.15: References "Safety railings." Defendants have established that this section is inapplicable as safety railings were not in use for plaintiff's work. The ladder that plaintiff was using was built specifically by his employers, and plaintiff did not testify to using any safety railings for the work being performed. The court notes that plaintiff did not raise this section in their papers.

Industrial Code § 23-1.16: References "Safety belts, harnesses, tail lines, and lifelines", but "does not specify when such safety devices are required" (*Thompson v Sithe/Indep., LLC*, 107 AD3d 1385, 1388 [4th Dept 2013]). Plaintiff testified that he was wearing his harness, a hard hat, and synthetic gloves while descending the ladder (NYSCEF Doc. No. 75 at p. 45), therefore, this section is inapplicable.

Industrial Code § 23-1.21: References "Ladders and ladderways," including general ladder maintenance and when such ladders should be used. Plaintiff testified that he did not have

7

any difficulty going up and down the ladder before the alleged accident and the ladder had been in the same position for four days (NYSCEF Doc. No. 75 at p. 46, 49). Additionally, plaintiff did not testify that there had been any defects regarding the ladder he used. Furthermore, while the footings might have been on a slippery surface because of the rain, the proximate cause of the accident was due to the plaintiff slipping off of a wet ladder. Therefore, this section is inapplicable.

Industrial Code § 23-1.30: References "Illumination." Defendants have established that the alleged accident occurred in the afternoon between 3:30 and 4:30 P.M. (NYSCEF Doc. No. 75 at p. 43), and there is no testimony of poor illumination. The court notes that plaintiff did not raise this section in their papers.

Industrial Code § 23-2.1: References "Maintenance and housekeeping." The accident did not involve the obstruction of a "passageway, walkway, stairway or other thoroughfare" by a material pile and, therefore, 23–2.1(a)(1) is not applicable (*Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 844 [2d Dept 2014]). 23–2.1(a)(2) provides, in relevant part, that "material and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge." Industrial Code 23-2.1(a)(2) is inapplicable because plaintiff was not struck by an object that fell from stored material on the floor above him. Plaintiff claims he was struck by an item he had just passed up, not which was stored at the edge of a floor (*See Mahoney v Madeira Assoc.*, 32 AD3d 1303, 1305 [4th Dept 2006]). Lastly, 23-2.1(b) is inapplicable because the disposal of debris was not involved in the instant matter.

Industrial Code § 23-2.2: References "Concrete work." The defendants have established that this section is inapplicable, because plaintiff does not claim he was injured because a form, shore, or re-shore was improperly "braced or tied together to maintain position or shape."

8

[* 8]

Plaintiff was injured due to falling off of a ladder. The court notes that plaintiff did not raise this section in their papers.

Industrial Code 23-2.7: References "Stairway requirements during the construction of buildings." Specifically, 23-2.7(e), requires protective railings on stairways. The defendants have established plaintiff's alleged accident occurred on a ladder, not a stairway.

Industrial Code § 23-3.3: References "Demolition by hand." The defendants have established that this section is inapplicable as the building was not being demolished. The court notes that plaintiff did not raise this section in their papers.

OSHA Regulations: Defendants have established that OSHA Regulations are inapplicable, as OSHA Regulations do not provide a basis of liability under Labor Law 241(6) (*Greenwood v Shearson, Lehman & Hutton*, 238 AD2d 311, 313 [2d Dept 1997]). The court notes that plaintiff did not raise this section in their papers.

Plaintiff has made a prima facie showing that the defendants, Lotus and Riverside, violated the following New York Industrial Code Rule:

Industrial Code § 23-1.7: References "Protection from general hazards." More specifically, § 23-1.7(d) "Slipping hazards" states:

> "Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease, and any other foreign substance which may cause slippery footing shall be removed, sanded, or covered to provide safe footing."

Plaintiff has established that he slipped off the wet ladder because it was raining (NYSCEF Doc. No. 91 at p. 45-46), the rain began before the incident and workers were told to continue working unless the rain got worse (NYSCEF Doc. No. 98 at p. 3).

Therefore, defendants' motion seeking summary judgment (Mot. Seq. 3) on Plaintiff's Labor Law § 241(6) is denied except that the court holds that defendant did not violate the

9

[* 9]

following Industrial Code sections: § 23-1.5; § 23-1.7(e); § 23-1.11; § 23-1.15; § 23-1.16; § 23-1.21; § 23-1.30; § 23-2.1; § 23-2.2; § 23-2.7; § 23-3.3; and OSHA Regulations. Plaintiff's motion seeking summary judgment on the issue of liability under Labor Law § 241(6) (Mot. Seq. 4) is granted to Industrial Code section § 23-1.7(d).

**Labor Law § 200**

"'Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors and their agents to provide workers with a safe place to work'" (*Mondragon-Moreno v Sporn*, 189 AD3d 1574, 1576 [2d Dept 2020], quoting *Doto v Astoria Energy II, LLC*, 129 AD3d 660, 663 [2d Dept 2015]). "'Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site and those involving the manner in which the work is performed'" (*Southerton v City of New York*, 203 AD3d 977, 979-98 [2d Dept 2022], quoting *Torres v City of New York*, 127 AD3d 1163, 1165 [2d Dept 2015]).

Where plaintiffs allege that their injuries result from the means or methods by which work is performed, "to be held liable under Labor Law § 200, 'a defendant must have the authority to exercise supervision and control over the work'" (*Narvarra v Hannon*, 197 AD3d 474, 476 [2d Dept 2021], quoting *Torres v City of New York*, 127 AD3d at 1165). "Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a worksite for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (*Medina-Arana v Henry Street Property Holdings, LLC*, 186 AD3d 1666, 1668 [2d Dept 2020], quoting *Ortega v Puccia*, 57 AD3d 54, 62 [2d Dept 2008])). Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, an owner may be held liable in common-law negligence and under Labor Law §

10

200 if it had control over the work site and either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident (*Azad v 270 5th Realty Corp.*, 46 AD3d 728, 730 [2d Dept 2007]).

Defendants have made a prima facie showing of entitlement for summary judgment on their Labor Law § 200 claim, and plaintiff does not oppose the relief. Here, defendants, Lotus and Riverside established entitlement to summary judgment because Aaron Goldberger, the project manager on behalf of Riverside, did not have actual or constructive notice of the dangerous condition that caused the accident. Mr. Goldberger testified that he did not hear about the accident on the day of the accident but within a month of testifying at the deposition (NYSCEF Doc. No. 76 at p. 19). Additionally, Mr. Goldberger testified that he himself had walked on that ladder and never recalled any problem with the job-built ladders (*Id.* at 28). Lotus and Riverside neither controlled the manner or method in which plaintiff worked. Mr. Goldberger testified that it was Magellan's decision in controlling their means and methods of work to decide whether to work if it rained or not (*Id.* at 28-30). The c

Therefore, the court grants the defendants motion for summary judgment (Mot. Seq. 3) dismissing the Labor Law § 200 claim.

## Conclusion

Plaintiff's motion seeking summary judgment on the issue of liability under Labor Law § 240(1) (Mot. Seq. 4) against the defendants' is granted. Plaintiff's motion seeking summary judgment on the issue of liability under Labor Law § 241(6) (Mot. Seq. 4) is granted to Industrial Code section § 23-1.7(d).

Defendants' motion seeking summary judgment (Mot. Seq. 3) on Plaintiff's Labor Law § 241(6) is denied except that the court holds that defendant did not violate the following Industrial Code sections: § 23-1.5; § 23-1.7(e); § 23-1.11; § 23-1.15; § 23-1.16; § 23-1.21; § 23-1.30; § 23-

11

[* 11]

2.1; § 23-2.2; § 23-2.7; § 23-3.3; and OSHA Regulations. Defendants' motion seeking summary judgment dismissing plaintiff's Labor Law § 200 claim is granted (Mot. Seq. 3).

Any other claims not specifically addressed in this decision are denied.

This constitutes the decision and order of the Court.

ENTER:

_____
J.S.C

Hon. Steven Z. Mostofsky
Justice, Supreme Court

12

[* 12]